```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Ronald Bloodworth,              :

      Plaintiff,            :      Case No.  2:10-cv-926

  v.                            :

Deb Timmerman-Cooper, et al.,   :      JUDGE GREGORY L. FROST
                                       Magistrate Judge Kemp
      Defendants.           :

<u>OPINION AND ORDER</u>

Plaintiff Ronald Bloodworth is an inmate of the Ohio Department of Rehabilitation and Corrections and is currently incarcerated at the Toledo Correctional Institution.  On October 14, 2010, he filed a complaint alleging that prison officials at the London Correctional Institution, where he was then residing, had violated his due process rights by the way in which they had resolved some institutional conduct reports filed against him.  He asked for leave to proceed *in forma pauperis*.  The named defendants were all employees of the Ohio Department of Rehabilitation and Correction.  Mr. Bloodworth did not name either the State of Ohio or any state agency as a defendant.

In accordance with 28 U.S.C. §§1915(e)(2) and 1915A, a Magistrate Judge screened the complaint prior to service on the defendants in order to determine if the complaint was frivolous, malicious, or failed to state a claim upon which relief could be granted.  In a Report and Recommendation dated October 26, 2010, the Magistrate Judge recommended that the complaint be dismissed.  On November 4, 2010, prior to the time that objections were due, Mr. Bloodworth filed a notice of voluntary dismissal, which, under Fed. R. Civ. P. 41(a)(1), immediately effected the dismissal of the case.

Nothing else occurred until March 16, 2011.  On that date, the State of Ohio, identifying itself as an interested party, filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to vacate the voluntary dismissal.  Mr. Bloodworth has opposed the

motion, and the State has replied.  For the following reasons, the Court will deny the motion to vacate.

## I.

The following brief statement of facts is taken from the State's motion to vacate plaintiff's voluntary dismissal, the plaintiff's notification of voluntary dismissal, and the Court's docket.  Mr. Bloodworth filed this action on October 14, 2010. On October 22, 2010, a courtesy copy of Mr. Bloodworth's complaint and the order granting him leave to proceed in forma pauperis was sent to the Attorney General of Ohio pursuant to this Court's instruction (Doc. #2).  After the Report and Recommendation was issued, Mr. Bloodworth filed a notice of voluntary dismissal on November 4, 2010.  In his notice of voluntary dismissal, Mr. Bloodworth stated that the reason he was seeking a voluntary dismissal was that he was in segregation and unable adequately to respond to the Report and Recommendation. The case was terminated at that time.  The State filed the instant motion some four months later.

## II.

The State's motion was filed under Fed.R.Civ.P. 60(b).  That Rule states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

>applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The relief available under Fed. R. Civ. P. 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." Stotts v. Memphis Fire Dept., 679 F.2d 541, 562 (6th Cir. 1982), rev'd on other grounds, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980); Williams v. Arn, 654 F.Supp. 241, 246 (N.D. Ohio 1987). A party seeking relief under Rule 60(b) is required to show that its case comes within one of the specific provisions of the rule. Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). However, "the district court's discretion to vacate [a] judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992).

There is some question whether the State can avail itself of Rule 60(b) under the circumstances of this case. Clearly, relief is not available under Rule 60(b)(6). The Court of Appeals has held that motions made pursuant to Rule 60(b)(6) must be based upon some reason other than those stated in the other five clauses. Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1333 (6th Cir. 1985). Further, relief is available under Rule 60(b)(6) only in extraordinary circumstances. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988). In this case, the State of Ohio has not set forth any extraordinary circumstances that would warrant relief. Additionally, the argument made that the State was unaware of the dismissal and had no opportunity to oppose it more appropriately

falls under Rule 60(b)(1), and so Rule 60(b)(6) would not apply.

The State argues that because it was unaware of the action and of the voluntary dismissal, its failure to oppose the voluntary dismissal was the result of "mistake, inadvertence, surprise, or excusable neglect." See Rule 60(b)(1). However, the State cannot be considered to have been inadvertent, neglectful or mistaken if it was, in fact, unaware of the filing of the notice of voluntary dismissal. See Bituminous Cas. Corp. v. Garcia, 223 F.R.D. 308, 312 (N.D. Tex. 2004). Therefore, the only remaining basis for granting relief under Rule 60(b)(1) is the category of "surprise."

The requirements for a claim of "surprise" under Rule 60(b)(1) are unclear and ill-defined. Denney v. Zimmer US, Inc., 2006 WL 2167270, *2 (M.D. Tenn. Aug. 1, 2006). However, this court has found surprise when parties are unaware of judgments that affect their rights. See McLindon v. Russell, 2000 WL 1221816 (S.D. Ohio Feb. 28, 2000)(granting a Rule 60(b) motion where the defendants were unaware that the plaintiff had challenged the constitutionality of caps on attorney fees provided for in the PLRA, and the court had awarded fees without regard for the caps). In this case, a courtesy copy of the complaint was sent to the Ohio Attorney General. Nevertheless, the Attorney General may not have followed the progress of the case closely enough to know that a Report and Recommendation was issued or that Mr. Bloodworth filed his notice of voluntary dismissal. Therefore, there may be a basis for relief from judgment under this prong of Rule 60(b)(1) if, in fact, there is also some legitimate reason why the Court should have rejected Mr. Bloodworth's effort to dismiss the case prior to the Court's completion of the initial screening process, and if there are no other procedural barriers to granting the State's motion. The Court now turns to those questions.

III.

In its motion to vacate, the State argues that the Court should not have allowed Mr. Bloodworth voluntarily to dismiss his case before the Report and Recommendation was adopted.  The State contends that after a Report and Recommendation has been issued, Rule 41(a)(1) and 28 U.S.C. §1915(g) should be construed not to allow a plaintiff to voluntarily dismiss his case merely to avoid acquiring a "strike" (i.e., a dismissal on grounds that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted) under the Prison Litigation Reform Act.  See 28 U.S.C. §1915(g), which generally prohibits a prisoner from bringing a civil action or appealing an adverse judgment without payment of the full filing fee if the prisoner has had three or more prior cases or appeals dismissed on the grounds that the claims advanced in those cases or appeals were frivolous, malicious, or failed to state a claim upon which relief can be granted.  The State therefore asks the Court to vacate the dismissal and to require Mr. Bloodworth to file any objections he may have to the Report and Recommendation so that the Court may decide if this case should count as a "strike" under §1915(g).

This is not the first time the Court has encountered this argument, although not precisely in this procedural posture.  In Davis v. Bexley Police Dept., 2009 WL 414269 (S.D. Ohio Feb. 17, 2009) (Smith, J.), after a Magistrate Judge had issued a Report and Recommendation recommending that the Court grant the defendants' motion to dismiss, the plaintiff filed a motion to dismiss the case without prejudice.  The defendants, although they had filed neither an answer nor a motion for summary judgment (either of which would have prevented the plaintiff from filing a notice of voluntary dismissal under Rule 41(a)(i)), objected to the plaintiff's motion.  The Court, relying on

Dreiling v. Henderson, 2005 WL 1705733 (D. Kan. 2005), and Hines v. Graham, 320 F.Supp.2d 511, 523 (N.D. Tex. 2004), concluded that a prisoner should not be permitted voluntarily to dismiss an action after a Report and Recommendation has been filed simply in order to avoid acquiring a "strike" that might later affect his ability to file civil actions or appeals.  It therefore denied the plaintiff's motion, adopted the Report and Recommendation, and dismissed the case for failure to state a claim.

In reaching its decision, the Court noted that Hines had concluded that Rule 41(a)(1)(A), as then written, did not provide an unqualified right to dismiss without prejudice; rather, the Rule allowed such dismissals only if consistent with, among other things, "the provisions ... of any statute of the United States...".  Hines then held that the PLRA is a statute which was inconsistent with the right of a prisoner plaintiff to dismiss his case under Rule 41(a)(1) because the PLRA has been construed to allow the Court to dismiss a prisoner action at any time, without notice to the prisoner, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Since Hines was decided, the language of Rule 41(a) has been altered slightly (it now reads "Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"), but the substance is unchanged.  Thus, there is a good argument to be made that the Court is not required to recognize the effect of a voluntary dismissal of a prisoner-initiated suit once the Court has determined, even through the mechanism of a Report and Recommendation, that the case should be dismissed in a manner that counts as a "strike" under the PLRA.

The Court agrees that, generally speaking, a plaintiff

should not be allowed to dismiss a case before an adverse Report and Recommendation is adopted just to avoid a strike.  Thus, for example, in  Dreiling v. Henderson, 2005 WL 1705733 (D. Kan. 2005), the court refused to allow a prisoner voluntarily to dismiss an action before the court dismissed it for failure to state a claim simply because the prisoner "now realize[d] his complaint 'is neither correct or complete.'" See also Hines, supra, where the prisoner appeared to acknowledge that he could not prove a set of facts to support his claim.

In this case, Mr. Bloodworth stated in his notice of voluntary dismissal that he was seeking to dismiss his case because he was in segregation and unable to respond adequately to the Report and Recommendation.  He did not acknowledge at that time that he was simply attempting to avoid a "strike," and, in fact, the Court never had a chance to make a binding determination that his case was subject to dismissal because he chose to file his notice of dismissal rather than objections to the Report and Recommendation.  It was certainly within the Court's discretion, at that time, to allow the dismissal on the grounds asserted by Mr. Bloodworth, and such a dismissal would not be inconsistent with the policy behind the PLRA of curtailing the ability of a litigious but frivolous prisoner to clog the courts with meritless filings without having to pay for that privilege.  The PLRA was not designed to sanction prisoner litigants who, for reasons beyond their control, become unable to litigate the merits of a case in a timely manner and choose to dismiss instead.

The analysis has become somewhat clouded by Mr. Bloodworth's response to the motion, however.  In that response, he admits that the complaint he filed in this case lacked legal support and that it would have been "litigious suicide" for him to have continued the case.  Although that would seem to cut against

allowing his voluntary dismissal to stand, he also asserts that he discovered valid legal claims arising out of the same set of facts as he alleged here, and that he refiled his claims and they are now being litigated in Case No. 2:10-cv-1121.  He did, as his memorandum indicates, identify this case as a related case on the civil cover sheet.  The claims in the new case survived the initial screening and motions to dismiss those claims are now pending.

    Under these circumstances, the Court does not believe that it is a sound exercise of discretion to reopen this case simply in order to determine that it might qualify as a "strike" under the PLRA.  To the extent that the State of Ohio actually is an interested party in this case, its interest in determining whether Mr. Bloodworth has valid claims arising out of the facts he pleaded in this case will be vindicated by the Court's disposition of the motions to dismiss in Case No. 2:10-cv-1121. Further, Mr. Bloodworth has a second case pending in this Court as well, and has had at least one prior federal case dismissed for reasons that count as a "strike."  If, as the State contends, he is a frivolous litigator who ought to be barred by the PLRA from filing additional suits without paying the full filing fee in advance, that will become evident sooner rather than later. Finally, reopening this case so that Mr. Bloodworth might acquire a second "strike" will serve no immediate purpose; even if it were his third "strike," that would have no impact on his ability to have filed his additional two cases because he did not have three "strikes" when those actions were brought.  See Brown v. Timmerman-Cooper, 2011 WL 1429078 (S.D. Ohio April 14,2011) (holding that "strikes" acquired after a case is brought cannot be applied retroactively to require immediate payment of the full filing fee in that case).  Consequently, even though the State might have been "surprised" by the filing of the notice of

voluntary dismissal, the Court does not believe that the circumstances of this case warrant granting relief under Rule 60(b)(1). This conclusion obviates the need to determine if the State of Ohio, which is attempting to intervene as an interested party rather than as a legal representative of a party to the action, has standing to seek relief from judgment under Rule 60(b), which grants that right only to "a party or its legal representative ...."

## IV.

Based on the foregoing reasons, the State of Ohio's motion to vacate plaintiff's voluntary dismissal (Doc. #8) is **DENIED**.

                                                            /s/ Gregory L. Frost
                                                         GREGORY L. FROST
                                                         UNITED STATES DISTRICT JUDGE